UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHLEY MCCOY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.: |
| | ) |
| AGB INVESTIGATIVE SERVICES INC., | ) |
| | ) |
|     Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, ASHLEY MCCOY (hereinafter "McCoy" or Plaintiff") and files her Complaint and Demand for Jury Trial against the Defendant, AGB INVESTIGATIVE SERVICES INC., (hereinafter "AGB" or "Defendant") and in support states the following:

**NATURE OF CLAIMS**

1. This is an action for monetary damages, pursuant Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (hereinafter "Title VII") and Illinois common law to redress Defendant's unlawful sexual harassment of Plaintiff, Defendant's discriminatory and retaliatory employment practices against Plaintiff because of her sex, and Defendant's intentional infliction of emotional distress leading to Plaintiff's constructive discharge.

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII.

1

3. This Court has supplemental jurisdiction over Plaintiff's common law claims pursuant to 28 U.S.C. § 1367(a) because they arise from the same common nucleus of operative fact as Plaintiff's federal claims.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, MCCOY, is a citizen of the United States and was at all times material a citizen of the State of Illinois, residing in Cook County, Illinois.

6. Defendant, AGB, is a for-profit corporation with its principal place of business in Chicago, Illinois.

7. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On February 1, 2021, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on sexual harassment, sex, and retaliation.

10. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

11. On March 24, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue, issued upon request.

12. This Complaint was timely filed within ninety (90) days following Plaintiff's receipt of the EEOC's Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendant on a full-time basis as an Operations Coordinator.

14. Plaintiff is a female.

15. Plaintiff was subjected to disparate and discriminatory treatment due to her sex.

16. Plaintiff was subjected to severe and pervasive sexual harassment during her employment by her male superior and the Chief Executive Officer for Defendant, John Griffin Jr., ("Mr. Griffin").

17. The conduct was sufficiently severe and pervasive to alter the condition of Plaintiff's employment, which created a hostile work environment.

18. Mr. Griffin began sexually harassing Plaintiff in or around mid-2020.

19. Mr. Griffin would constantly refer to Plaintiff as "pretty girl" and would make sexually charged comments about the appearance of her body including that Plaintiff was "getting thick."

20. On or about August 26, 2020, during a staff meeting, Mr. Griffin asked Daryl Griffin (Regional Director), "Is the pussy good?" and "I bet its [Plaintiff's vagina] pretty because she is an AKA[1]."

21. Mr. Griffin also made the comment, "I bet my brother has fun with that" to the room, insinuating that Plaintiff was in a sexual relationship with Daryl Griffin.

---

[1] Alpha Kappa Alpha Sorority, a historically famous African American Sorority that Plaintiff is a member of.

22. Following this meeting, Mr. Griffin continued subjecting Plaintiff to similar pervasive sexual harassment on a daily basis.

23. Plaintiff escalated her concerns to Mr. Griffin, informed him that she was uncomfortable, and asked him to stop.

24. Instead, Mr. Griffin proceeded to subject Plaintiff to further sexual harassment and would laugh when Plaintiff expressed her offense.

25. On or about September 17, 2020, Mr. Griffin's continued sexual comments regarding Plaintiff's appearance escalated, and he proceeded to state that Plaintiff was "getting thick" while gesturing towards her in a sexual and provocative manner.

26. Then on October 22, 2020, Mr. Griffin physically sexually harassed Plaintiff when she was exiting another office by blocking her path while rubbing and touching on her stomach and hips as Plaintiff was attempting to return to her workspace.

27. As a result of Defendant's continued hostile environment created by the severe and pervasive discriminatory harassment, purposeful refusal to take any remedial action on behalf of Plaintiff in response to her protected escalation of sexual harassment, Plaintiff was left with no choice but to resign.

28. Defendant's illegal conduct has damaged Plaintiff.

29. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**COUNT I: SEXUAL HARASSMENT IN VIOLATION OF TITLE VII**

30. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

31. Defendant engaged in a pattern or practice of unlawful sexual harassment by subjecting Plaintiff to unwelcome sexual harassment, including but not limited to, requests for sexual favors, sexual advances, and physical sexual harassment.

32. Despite Plaintiff's reporting of the harassment, Defendant took no action to remedy the situation or prevent future harassment.

33. Defendant's conduct created an intimidating, oppressive, hostile, and offensive work environment which interfered with Plaintiff's emotional well-being and her ability to perform her work.

34. Defendant's conduct violates Title VII.

35. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

36. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**COUNT II: SEX BASED DISCRIMINATION IN VIOLATION OF TITLE VII**

37. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

38. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female.

39. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

40. Defendant violated Title VII by terminating and discriminating against Plaintiff based on her sex.

41. Defendant intentionally discriminated against Plaintiff on the basis of her sex.

42. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

43. Defendant's unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

**COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

44. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-29 above.

45. Defendant's sexual harassment of, discrimination against, and retaliation against Plaintiff was intentional or at minimum reckless.

46. Defendant's conduct was extreme and outrageous.

47. Defendant's extreme and outrageous conduct caused Plaintiff to suffer from severe emotional distress.

48. Plaintiff's emotional distress was severe.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

/s/ Zane A. Herman
Zane A. Herman
Florida Bar No.: 120106
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570 ext. 105
F: (866) 580-7499
zane.herman@spielbergerlawgroup.com

*Attorney for the Plaintiff*